# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER MICHAEL WHITAKER, Sr., a/k/a "Unc";<br><br>　　　Defendant. | Case No. CR-19-034-RAW |

## ORDER

　　　This action was filed on March 13, 2019, charging eleven individuals with drug conspiracy and other crimes. On October 28, 2019, Defendant waived indictment and entered a plea of guilty to Count One of an Information charging him with possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

　　　Now before the court is Defendant's motion and amended motion to withdraw his guilty plea [Docket Nos. 505 and 519] and Government's response thereto [Docket No. 527].[1] Rule 11 of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Civ. P. 11(d)(2).

　　　Defendant bears the burden of establishing a "fair and just reason" for withdrawal. *United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007) (citation omitted). In deciding

---

[1] While Defendant's counsel advised Defendant against filing this motion, Defendant's counsel makes all possible reasonable arguments on behalf of Defendant. Defendant's counsel further informs the court that he provided Defendant with a copy of the motion and discussed it with him. *Docket Nos. 505 at 17 and 519 at 17*. Defendant has informed his counsel that he is hiring another attorney, but no other attorney has filed an appearance on his behalf in this case.

his motion, the court considers whether: (1) the defendant has asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the motion, and if so, the reason for the delay, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available to the defendant, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources." *United States v. Herrera-Rivas*, 803 Fed.Appx. 162, 163-64 (10th Cir. 2020) (citation omitted); *United States v. Byrum*, 567 F.3d 1255, 1264 (10th Cir. 2009). If the defendant cannot establish a fair and just reason for withdrawing his plea through the first, fifth, and/or sixth factors – assertion of innocence, assistance of counsel, and knowing and voluntary plea – the court need not address the remaining factors. *Id*. at 1265. In fact, each of the factors weighs against Defendant. The court addresses the first, fifth, and sixth factors first.

### *First Factor – Assertion of Innocence*

Defendant's counsel informs the court that Defendant has "asserted forcefully his innocence throughout this drug conspiracy case." His counsel further states that over the course of the year that he has represented Defendant, Defendant never admitted to participating in the alleged criminal conduct until the day before he entered his guilty plea. Defendant's counsel states that he never pressured Defendant.

In its response, the Government details the significant amount of time and effort that went into arriving at the factual basis for the entry of the guilty plea. *Docket No. 527, at 23*. The Government states that the development of the factual statement was at the core of the final hours of the plea negotiation. At the change of plea hearing, Magistrate Judge Shreder pointed Defendant to the section of the plea agreement setting forth the factual basis for the plea. Judge Shreder then asked Defendant: "And, in fact, this is what happened, this is the truth?" *Change of Plea Transcript*, Docket No. 514, at 19. Defendant answered: "Yes." *Id*. Judge Shreder then asked Defendant: "You understand that by signing on to this plea agreement, you won't be able to come back some day and

say that it didn't happen or it happened some other way?" *Id*. Defendant answered: "Yes." *Id*. The court finds this factor weighs against Defendant's motion to withdraw his guilty plea.

### *Fifth Factor – Assistance of Counsel*

Defendant's counsel advises the court that Defendant does not wish to argue "ineffective assistance of counsel." As is evident from the record in this case, Defendant's counsel has spent many hours on this case. He states that he has provided Defendant with more than six hundred pages of legal materials to help him follow the process as well as lengthy legal memoranda explaining his preparation for trial, the plea, sentencing issues, and the overall conspiracy charges and elements of the offense. The Government points out that the jail visitation records substantiate the long hours that Defendant's counsel has spent with Defendant during the representation. As the Government notes, Defendant's counsel has filed motions on Defendant's behalf, has asserted cutting edge and novel arguments regarding the necessary proof at trial, and offered jury instructions based upon those arguments. Further, the Government notes that Defendant's counsel continually drove a hard line in plea negotiations and ultimately was able to arrive at an agreement which will likely result in Defendant's USSG range being approximately half of what he would have received had he been convicted by a jury. Moreover, Defendant expressed his satisfaction with his counsel at the time of his guilty plea. This factor weighs against Defendant's motion to withdraw his guilty plea.

### *Sixth Factor – Knowing and Voluntary*

As noted by both Defendant and the Government, the plea negotiations and the discussions between Defendant and his counsel were extensive in the days leading up to Defendant's change of plea. Further, as is clear from the change of plea transcript, Defendant was fully advised of his Constitutional rights, the charges against him, and the potential sentencing range at his change of plea hearing. *Docket No. 514*. This factor weighs against Defendant's motion to withdraw his guilty plea.

### *Third Factor – Delay in Filing Motion*

Defendant entered his guilty plea on October 28, 2019.  He filed the instant motion nearly seven months later on May 19, 2020.  Defendant's counsel informs the court that Defendant first mentioned his desire to file a motion to withdraw his guilty plea six months after entering the plea, on April 28, 2020, during a meeting regarding sentencing issues.  Defendant's dissatisfaction with the draft presentence report and the Government's objection seeking four levels for Defendant's role in the offense appears to be the only reason for the instant motion.  Defendant's dissatisfaction with the length of his sentence is insufficient reason to allow withdrawal of his plea.  *United States v. Spaulding*, 802 F.3d 1110, 1114-15 (10th Cir. 2015) (citing *United States v. Elias*, 937 F.2d 1514, 1520 (10th Cir. 1991)).  This factor weighs against Defendant's motion to withdraw his guilty plea.

### *Second Factor – Prejudice to the Government*

Defendant acknowledges that given the length and complexity of this case, the hours that have been put into this case already, and the hours it would take to prepare once again for trial, withdrawal of the guilty plea at this juncture would result in significant prejudice to the Government.  The Government informs the court that a trial of this matter would take weeks and consume significant resources.  Moreover, this case went to trial on October 29, 2019 with the remaining two defendants and required the testimony of cooperating lay witnesses.  Defendant's plea of guilty reduced the number of cooperating lay witnesses, but preparation of those witnesses was complete by the time of Defendant's plea.  The location of some of those witnesses is now unknown.  This factor weighs against Defendant's motion to withdraw his guilty plea.

### *Fourth & Seventh Factors –Inconvenience to the Court & Waste of Judicial Resources*

Again, this case has already gone to jury trial with the remaining defendants that did not plead guilty.  The Government informs the court that the span of the conspiracy alleged against

4

Defendant covers approximately three years, the body of evidence the jury would need to hear is vast, and that the jury trial would take weeks.  Defendant argues that allowing him to withdraw his guilty plea would not result in a catastrophic waste of judicial resources but acknowledges that it would result in the loss of valuable resources.  The court finds that both factors weigh against Defendant's motion to withdraw his guilty plea.

For the reasons stated herein and in the Government's response, Defendant's motion to withdraw his guilty plea [Docket Nos. 505 and 519] is hereby DENIED.[2]

**IT IS SO ORDERED** this 23rd day of June, 2020.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**

---

[2] Defendant did not request an evidentiary hearing, and the court finds that he has not presented any factual issues that would necessitate an evidentiary hearing.